**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

DAVID W. ADAMI and HEATHER L. GIGLIO,    :
CO-ADMINISTRATORS of the ESTATE OF    :
FREDERICK J. ADAMI, DECEASED    :

                  Plaintiffs,    :     **NO: 2:19-cv-02187-JS**
  V.    :
     :
COUNTY OF BUCKS, et al.    :
     :
                Defendants.    :

## PROPOSED JOINT POINTS FOR CHARGE

Plaintiffs and Defendants, by and through their counsel, hereby submit to this Honorable Court

the Proposed Joint Points for Charge from the United States Court of Appeals for the Third Circuit,

Model Civil Jury Instructions, and Pennsylvania Suggested Standard Civil Jury Instructions, Fifth

Edition, April 2020, for the Court's consideration.

                       Respectfully submitted,
                       **KLINE & SPECTER, P.C.**

    By:    *David K. Inscho*
                     DAVID K. INSCHO, ESQUIRE
                     MICHAEL A. CAVALIERE, ESQUIRE
                     HELEN A. LAWLESS, ESQUIRE
                     1525 Locust Street
                     Philadelphia, PA 19102
                     215-772-1000
Date:  March 4, 2022         **Attorneys for Plaintiffs**

**PRELIMINARY INSTRUCTIONS**

## POINT FOR CHARGE NO. 1:  INTRODUCTION; ROLE OF JURY

Now that you have been sworn, I have the following preliminary instructions you're your guidance as jurors in this case.

You will hear the evidence, decide what the facts are, and then apply those facts to the law that I will give to you.

You and only you will be the judges of the facts. You will have to decide what happened. I play no part in judging the facts. You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be. My role is to be the judge of the law. I make whatever legal decisions have to be made during the course of the trial, and I will explain to you the legal principles that must guide you in your decisions. You must follow that law whether you agree with it or not.

**United States Court of Appeals for the Third Circuit, Model Civil Jury Instructions, No.: 1.1**

## POINT FOR CHARGE NO. 2:  CONDUCT OF THE JURY

Now, a few words about your conduct as jurors.

First, I instruct you that during the trial and until you have heard all of the evidence and retired to the jury room to deliberate, you are not to discuss the case with anyone, not even among yourselves. If anyone should try to talk to you about the case, including a fellow juror, bring it to my attention promptly. There are good reasons for this ban on discussions, the most important being the need for you to keep an open mind throughout the presentation of evidence. I know that many of you use cell phones, smart phones [like Blackberries and iPhones], and other portable electronic devices; laptops, netbooks, and other computers both portable and fixed; and other tools of technology, to access the internet and to communicate with others. You also must not talk to anyone about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate orally with anyone about the case on your cell phone, smart phone, or portable or fixed computer or device of any kind; or use these devices to communicate electronically by messages or postings of any kind including e-mail, instant messages, text messages, text or instant messaging services [such as Twitter], or through any blog, website, internet chat room, or by way of any other social networking websites or services [including Facebook, MySpace, LinkedIn, and YouTube]. If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk or visit with you, either. [That is why you are asked to wear your juror tags. It shows that you are someone who is not to be approached in any way.]

Second, do not read or listen to anything related to this case that is not admitted into evidence. By that I mean, if there is a newspaper article or radio or television report relating to this case, do not read the article or watch or listen to the report. In addition, do not try to do any independent research or investigation on your own on matters relating to the case or this type of

Do not do any research on the internet, for example. You are to decide the case upon the evidence presented at trial. In other words, you should not consult dictionaries or reference materials, search the internet, websites, blogs, or use any other electronic tools to obtain information about this case or to help you decide the case. Please do not try to find out information from any source outside the confines of this courtroom.

Again, do not reach any conclusion on the claims [or defenses] until all of the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

[Finally, if any member of the jury has a friend or family member who is in attendance at this public trial, that visitor must first register with my Clerk because special rules will govern their attendance. You may not discuss any aspect of this trial with the visitor, nor may you permit the visitor to discuss it with you.

**United States Court of Appeals for the Third Circuit, Model Civil Jury Instructions, No.: 1.3**

## POINT FOR CHARGE NO. 3:  BENCH CONFERENCES

During the trial it may be necessary for me to talk with the lawyers out of your hearing by having a bench conference. If that happens, please be patient.

We are not trying to keep important information from you. These conferences are necessary for me to fulfill my responsibility, which is to be sure that evidence is presented to you correctly under the law.

We will, of course, do what we can to keep the number and length of these conferences to a minimum. [While we meet, I will invite you to stand up and stretch and take a short break or perhaps even call a recess if it is a lengthy issue, and permit you to go downstairs for a break.]

I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**United States Court of Appeals for the Third Circuit, Model Civil Jury Instructions, No.: 1.4**

## POINT FOR CHARGE NO. 4:  EVIDENCE

The evidence from which you are to find the facts consists of the following:

    1.  The testimony of the witnesses;

    2.  Documents and other things received as exhibits;

    3.  Any facts that are stipulated--that is, formally agreed to by the parties; and

    [4. Any facts that are judicially noticed--that is, facts I say you must accept as true even without other evidence.]

The following things are not evidence:

    1.  Statements, arguments, and questions of the lawyers for the parties in this case;

    2.  Objections by lawyers;

    3.  Any testimony I tell you to disregard; and

    4.   Anything you may see or hear about this case outside the courtroom.

You must make your decision based only on the evidence that you see and hear in court. Do not let rumors, suspicions, or anything else that you may see or hear outside of court influence your decision in any way.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

There are rules that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence. You should not be influenced by the fact that an objection is made. Objections to questions are not evidence. Lawyers have an

obligation to their clients to make objections when they believe that evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

Also, certain testimony or other evidence may be ordered struck from the record and you will be instructed to disregard this evidence. Do not consider any testimony or other evidence that gets struck or excluded. Do not speculate about what a witness might have said or what an exhibit might have shown.

**United States Court of Appeals for the Third Circuit, Model Civil Jury Instructions, No.: 1.5**

## POINT FOR CHARGE NO. 5:  DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two types of evidence that you may use in reaching your verdict.

One type of evidence is called "direct evidence." An example of "direct evidence" is when a witness testifies about something that the witness knows through his own senses — something the witness has seen, felt, touched or heard or did. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining. Another form of direct evidence is an exhibit where the fact to be proved is its existence or current condition.

The other type of evidence is circumstantial evidence. "Circumstantial evidence" is proof of one or more facts from which you could find another fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

You should consider both kinds of evidence that are presented to you. The law makes no distinction in the weight to be given to either direct or circumstantial evidence. You are to decide how much weight to give any evidence.

**United States Court of Appeals for the Third Circuit, Model Civil Jury Instructions, No.: 1.6**

## POINT FOR CHARGE NO. 6:  CREDIBILITY OF WITNESSES

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. "Credibility" means whether a witness is worthy of belief. You may believe everything a witness says or only part of it or none of it. In deciding what to believe, you may consider a number of factors, including the following: (1)the opportunity and ability of the witness to see or hear or know the things the witness testifies to; (2) the quality of the witness's understanding and memory; (3) the witness's manner while testifying; (4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice; (5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence; (6) how reasonable the witness's testimony is when considered in the light of other evidence that you believe; and (7) any other factors that bear on believability.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.

**United States Court of Appeals for the Third Circuit, Model Civil Jury Instructions, No.:  1.7**

## POINT FOR CHARGE NO. 7:  JURY QUESTIONS FOR WITNESSES

Only the lawyers and I are allowed to ask questions of witnesses. You are not permitted to ask questions of witnesses.

**United States Court of Appeals for the Third Circuit, Model Civil Jury Instructions, No.: 1.8**

# POINT FOR CHARGE NO. 8:  NOTE-TAKING BY JURORS

If you wish, you may take notes during the presentation of evidence, the summations of attorneys at the conclusion of the evidence, and during my instructions to you on the law. My Courtroom deputy will arrange for pens, pencils, and paper. Remember that your notes are for your own personal use -- they are not to be given or read to anyone else.

As you see, we have a court reporter here who will be transcribing the testimony during the course of the trial. But you should not assume that the transcripts will be available for your review during your deliberations. Nor should you consider notes that you or fellow jurors may take as a kind of written transcript. Instead, as you listen to the testimony, keep in mind that you will be relying on your recollection of that testimony during your deliberations. Here are some other specific points to keep in mind about note taking:

1.      Note-taking is permitted, not required. Each of you may take notes. No one is required to take notes.

2.      Be brief. Do not try to summarize all of the testimony. Notes are for the purpose   of refreshing memory. They are particularly helpful when dealing with measurements, times, distances, identities, and relationships. Overuse of note-taking may be distracting. You must determine the credibility of witnesses; so you must observe the demeanor and appearance of each person on the witness stand. Note-taking must not distract you from that task. If you wish to make a note, you need not sacrifice the opportunity to make important observations. You may make your note after having made an observation.

3.      Do not use your notes, or any other juror's notes, as authority to persuade fellow jurors.  In your deliberations, give no more and no less weight to the views of a fellow juror just because that juror did or did not take notes. As I mentioned earlier, your notes are not official transcripts. They are not evidence, and they are by no means a complete outline of the proceedings or a list of the highlights in the trial. They are valuable, if at all, only as a way to refresh your memory.

Your memory is what you should be relying on when it comes time to deliberate and render your verdict in this case. You therefore are not to use your notes as authority to persuade fellow jurors of what the evidence was during the trial. Notes are not to be used in place of the evidence.

4.     Do not take your notes away from court. I repeat, at the end of each day, please leave your notes in the jury room. If you do take notes, take them with you each time you leave the courtroom and please leave them in the jury room when you leave at night. At the conclusion of the case, after you have used your notes in deliberations, a court officer will collect and destroy them to protect the secrecy of your deliberations.

**United States Court of Appeals for the Third Circuit, Model Civil Jury Instructions, No.: 1.9**

## POINT FOR CHARGE NO. 9:  PREPONDERANCE OF THE EVIDENCE

This is a civil case. The Estate of Frederick J. Adami is the party that brought this lawsuit. The Defendants are Bucks County,  Corrections Officers Brian Kircher, Patrick Rooney, Steven Columbia, Lisa Knoneborg, Timothy Ricci, David Gresko and Sergeant Langston Mason, the County of Bucks ("Bucks County") , and PrimeCare, Inc., are the parties against which the lawsuit was filed.

Mr. Adami's Estate has the burden of proving its case by what is called the preponderance of the evidence. That means the Estate has to prove to you, in light of all the evidence, that what it claims is more likely so than not so. To say it differently: if you were to put the evidence favorable to Mr. Adami and the evidence favorable to each named defendant on opposite sides of the scales, the Estate would have to make the scales tip somewhat on its side. If Mr. Adami's Estate fails to meet this burden, the verdict must be for the particular defendant. If you find after considering all the evidence that a claim or fact is more likely so than not so, then the claim or fact has been proved by a preponderance of the evidence.

In determining whether any fact has been proved by a preponderance of evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard of proof and it applies only to criminal cases. It does not apply in civil cases such as this. So you should put it out of your mind.

**United States Court of Appeals for the Third Circuit, Model Civil Jury Instructions, No.: 1.10**

## POINT FOR CHARGE NO. 10:  DESCRIPTION OF TRIAL PROCEEDINGS

The trial will proceed in the following manner:

First, attorney for plaintiff will make an opening statement to you. Next, attorneys for defendants may make opening statements. What is said in the opening statements is not evidence, but is simply an outline to help you understand what each party expects the evidence to

A party is not required to make an opening statement.

Before the attorneys have made their opening statements, I will instruct you on the applicable law and then each party is given an opportunity to present its evidence.

Plaintiff goes first because plaintiff has the burden of proof. Plaintiff will present witnesses whom counsel for defendants may cross-examine, and plaintiff may also present evidence.

Following plaintiff's case, the defendants may present evidence. Counsel for plaintiff may cross-examine witnesses for the defense. After the parties' main case is presented, they may be permitted to present what is called rebuttal evidence.

After all the evidence has been presented, the attorneys will present to you closing arguments to summarize and interpret the evidence in a way that is helpful to their clients' positions. As with opening statements, closing arguments are not evidence. After that you will retire to the jury room to deliberate on your verdict in this case.

[At this point the court may wish to inform the jury of the scheduling and length of the trial, and other logistical information.]

**United States Court of Appeals for the Third Circuit, Model Civil Jury Instructions, No.: 1.12**

## POINT FOR CHARGE NO. 11:  1983 INTRODUCTORY INSTRUCTION

Plaintiff is suing under Section 1983, a civil rights law passed by Congress that provides a remedy to persons who have been deprived of their federal [constitutional] [statutory] rights under color of state law.  Only the claims brought against the County of Bucks and Correctional Officers are brought under Section 1983.

I will instruct you on the law applicable to Defendant PrimeCare Medical separately.

**United States Court of Appeals for the Third Circuit, Model Civil Jury Instructions, Civil Rights Claims Under Section 1983, No.:  4.1**

## POINT FOR CHARGE NO. 12:  BURDEN OF PROOF

The plaintiff bears the burden of proof on the elements of a Section 1983 claim.

**United States Court of Appeals for the Third Circuit, Model Civil Jury Instructions, Civil Rights Claims Under Section 1983, No.: 4.2 (modified)**

## POINT FOR CHARGE NO. 13:  ELEMENTS OF CLAIM

The co-administrators of the Estate of Frederick J. Adami, as the Plaintiff, must prove both of the following elements by a preponderance of the evidence:

First: the defendant corrections officers acted under color of state law.

Second: While acting under color of state law, Defendants deprived Mr. Frederick J. Adami of a federal constitutional right. I will now give you more details on action under color of state law, after which I will tell you the elements Plaintiff must prove to establish the violation of his federal constitutional right.

**United States Court of Appeals for the Third Circuit, Model Civil Jury Instructions, Civil Rights Claims Under Section 1983, No.: 4.3**

## POINT FOR CHARGE NO. 14:  ACTION UNDER COLOR OF STATE LAW

The first element of Plaintiffs' claim is that the Defendants acted under color of state law. This means that the Plaintiffs must show that the Defendants were using power that they possessed by virtue of state law. A person can act under color of state law even if the act violates state law. The question is whether the person was clothed with the authority of the state, by which I mean using or misusing the authority of the state. By "state law," I mean any statute, ordinance, regulation, custom or usage of any state. And when I use the term "state," I am including any political subdivisions of the state, such as a county or municipality, and also any state, county or municipal agencies.

I instruct that that the Correctional Officers employed by the County of Bucks were acting under color of state law.  I instruct you that the County of Bucks was acting under color of state law.

**United States Court of Appeals for the Third Circuit, Model Civil Jury Instructions, Civil Rights Claims Under Section 1983, No.: 4.4**

## POINT FOR CHARGE NO. 15:  DEPRIVATION OF A FEDERAL RIGHT

I have already instructed you on the first element of Plaintiff's claim, which requires the Plaintiffs to prove that Defendants acted under color of state law.

The second element of the Plaintiffs' claim is that Defendants deprived him of a federal constitutional right. The Plaintiff brings this claim under the Fourteenth Amendment to the United States Constitution, which states, in part, that no State  shall  deprive any person of life, liberty, or property, without due process of law.

**United States Court of Appeals for the Third Circuit, Model Civil Jury Instructions, Civil Rights Claims Under Section 1983, No.: 4.5**

## POINT FOR CHARGE NO. 16: MEDICAL PROFESSIONAL NEGLIGENCE

I will now instruct you Plaintiffs state law claims against PrimeCare Medical, Inc. Plaintiffs have brought a professional negligence claim against Defendant PrimeCare Medical, Inc.

Professional negligence consists of a negligent, careless, or unskilled performance by a medical professional of the duties imposed on them by the professional relationship with the Mr. Adami. It is also negligence when a by a medical professional shows a lack of proper care and skill in the performance of a professional act.

**Pennsylvania Suggested Standard Jury Instructions, No.: 14.00**

## POINT FOR CHARGE NO. 17:  CORPORATE LIABILITY OF HEALTH-CARE PROVIDER

A prison healthcare company like PrimeCare Medical, Inc. is directly liable to the patient if it violates a duty that it owes to the patient to ensure the patient's safety and well-being while under the care of the that prison healthcare company. The following are the duties that a [health-care institution] must fulfill and that it cannot pass on to anyone else.

a. a duty to use reasonable care in the maintenance of safe and adequate facilities and equipment; [and/or]

b. a duty to select and retain only competent [physicians/health-care personnel/ administrators]; [and/or]

c. a duty to oversee all persons who practice [nursing/other relevant person's health care] within its walls as to patient care; [and/or]

d. a duty to formulate, adopt, and enforce adequate rules and policies to ensure quality care for the patients.

If you decide that the defendant[s] violated any one of those duties [specify which duty or duties are applicable], you must then decide

a. whether the [health-care institution] knew or should have known of the breach of that duty, and

b. that the conduct was a factual cause in bringing about the harm or injury.

**Pennsylvania Suggested Standard Jury Instructions, No.: 14.70**

## POINT FOR CHARGE NO. 18:  FACTUAL CAUSE

In order for Plaintiffs to recover in this case from a defendant, that defendant's conduct must have been a factual cause in bringing about harm. Conduct is a factual cause of harm when the harm would not have occurred absent the conduct. To be a factual cause, the conduct must have been an actual, real factor in causing the harm, even if the result is unusual or unexpected. A factual cause cannot be an imaginary or fanciful factor having no connection or only an insignificant connection with the harm.

To be a factual cause, Defendants conduct need not be the only factual cause. The fact that some other causes concur with the conduct of defendants in producing an injury does not relieve Defendants from liability as long as their own negligence is a factual cause of the injury.

When a defendant medical provider negligently fails to act or negligently delays in taking indicated diagnostic or therapeutic steps, and their negligence is a factual cause of injuries to the plaintiff, that negligent defendant physician is responsible for the injuries caused. Where the plaintiff presents expert testimony that the failure to act or delay on the part of the defendant physician has increased the risk of harm to the plaintiff, this testimony, if found credible, provides a sufficient basis from which you may find that the negligence was a factual cause of the injuries sustained.

If there has been any significant possibility of avoiding injuries and [name of defendant] has destroyed that possibility, [he] [she] [they] may be liable to [name of plaintiff]. It is rarely possible to demonstrate to an absolute certainty what would have happened under circumstances that the wrongdoer did not allow to come to pass.

A principal is legally responsible for an employee's negligent conduct. In this case, PrimeCare, Medical Inc. admits that all of the medical staff in this case were their employees and that their conduct was part of their jobs.

**Pennsylvania Suggested Standard Jury Instructions, Nos.: 13.30 and 14.20**

**POINT FOR CHARGE NO. 19: DAMAGES – COMPENSATORY DAMAGES**

I am now going to instruct you on damages. Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not any of the Defendants should be held liable.

If you find any of the Defendants liable, then you must consider the issue of compensatory damages. You must award the Plaintiffs an amount that will fairly compensate them for any injury Mr. Adami actually sustained as a result of Defendant's conduct. The Plaintiffs must show that the injury would not have occurred without Defendant's act or failure to act.

The Plaintiffs must also show that Defendant's act or failure to act played a substantial part in bringing about Mr. Adami's death, and that the injury was either a direct result or a reasonably probable consequence of Defendant's act or failure to act. There can be more than one cause of an injury. To find that Defendant's act or failure to act caused Mr. Adami's death, you need not find that Defendant's act or failure to act was the nearest cause, either in time or space. However, if Mr. Adami's death was caused by a later, independent event that intervened between Defendant's act or failure to act and Mr. Adami's death, Defendant is not liable unless the injury was reasonably foreseeable by Defendant.

Compensatory damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial, and only on that evidence. Plaintiff has the burden of proving compensatory damages by a preponderance of the evidence.

**United States Court of Appeals for the Third Circuit, Model Civil Jury Instructions, Civil Rights Claims Under Section 1983, No.: 4.8.1**

## POINT FOR CHARGE NO. 20:  DAMAGES IN WRONGFUL DEATH AND SURVIVAL ACTIONS

The verdict sheet you will receive when you begin your deliberations contains a series of questions that will lead you to a proper verdict. There are places for you to record your verdict as to each item of damages. I will now describe that for you.

If you find that Plaintiffs proved their claims as to any of the Defendants and that those Defendants were a factual cause of Mr. Adami's death, you must award Plaintiffs damages to compensate them.

Plaintiffs claim several types of damages.

This instruction explains two of them.

First, Plaintiffs seek damages to compensate Mr. Adami's children, for the losses they sustained as a result of Mr. Adami's death.

Second, Plaintiffs seek compensation for the harm Defendant conduct caused to Mr. Adami. These damages are for damages to Mr. Adami between the time of the injury and his death, as well as for the loss of income from the time of his death until his natural life expectancy. These damages arise from Mr. Adami's right under the law to receive money damages as a result of Defendants conduct.

A. Under the first claim, concerning the children's losses as a result of their father's death:

    1.      Plaintiffs are entitled to be compensated for all hospital, medical, funeral, burial, and estate administration expenses.

    2.      Plaintiffs entitled to be compensated for the amount of money Mr. Adami would have spent to support his children from the date of his death until the end of his life expectancy.

"Support" includes the cost of food, clothing, shelter, transportation, medical expenses, gifts, insurance, education, entertainment, and recreation.

Maggie Adami, Mollie Adami, Tommy Adami, and Gregory Grous, and are also entitled to be compensated the amount of money for losing their deceased parent's guidance, teaching, training, advice, education, care, services, emotional support, and moral upbringing, had the injury and wrongful death not occurred.

The term "services" includes the emotional and psychological loss suffered as a

result of the death of Mr. Adami's

B.     Under the second claim, concerning Mr. Adami's damages:

    1.     Plaintiffs are entitled to be compensated the gross income, plus the value of fringe benefits, Mr. Adami would have earned between the date of injury and the date of his death, and

    2.     Plaintiffs are entitled to be compensated for Mr. Adami's gross income, plus the value of benefits, he would have earned between the date of his death until the end of his natural life expectancy.

I will explain later how to determine life expectancy.

From this amount you must deduct the following:

    a.     the amount Mr. Adami would have spent on his basic living expenses, such as food, clothing, and shelter;

    b.     the amount you award (pursuant to my previous instruction) to compensate for money  Mr. Adami would have spent to support his family from the time when the harm occurred until his life expectancy.

    3.     Plaintiffs are entitled to be compensated for all mental and physical pain, suffering, inconvenience, and loss of life's pleasures that Mr. Adami suffered from the time of injury until his death.

C.     You are to add each of these items of damages together in their proper categories and return your verdict in two lump-sum amounts, one under the Wrongful Death Act and the second under the Survival Act.

**Pennsylvania Suggested Standard Jury Instructions, No.: 14.170**

## POINT FOR CHARGE NO. 21:  DAMAGES – NOMINAL DAMAGES

If you return a verdict against the individual corrections officers or Bucks County for Plaintiffs, but Plaintiffs has failed to prove compensatory damages, then you must award nominal damages of $ 1.00. A person whose federal rights were violated is entitled to a recognition of that violation, even if he suffered no actual injury. Nominal damages (of $1.00) are designed to acknowledge the deprivation of a federal right, even where no actual injury occurred. However, if you find actual injury, you must award compensatory damages (as I instructed you), rather than nominal damages.

**United States Court of Appeals for the Third Circuit, Model Civil Jury Instructions, Civil Rights Claims Under Section 1983, No.: 4.8.2**

## POINT FOR CHARGE NO. 22: EXPERT OPINION--BASIS FOR OPINION GENERALLY

In general, the opinion of an expert has value only when you accept the facts upon which it is based. This is true whether the facts are assumed hypothetically by the expert, or they come from the expert's personal knowledge, from some other proper source, or from some combination of these.

**Pennsylvania Suggested Standard Jury Instructions, No.: 4.120**

## POINT FOR CHARGE NO. 23 : WEIGHING CONFLICTING EXPERT TESTIMONY

      In general, the opinion of an expert has value only when you accept the facts upon which it is based. This is true whether the facts are assumed hypothetically by the expert, or they come from the expert's personal knowledge, from some other proper source, or from some combination of these.

**Pennsylvania Suggested Standard Jury Instructions, No.: 4.100**

## POINT FOR CHARGE NO. 24: EXPERT TESTIMONY

During the trial you have heard testimony from both *fact* witnesses and *expert* witnesses.

To assist juries in deciding cases such as this one, involving scientific, technical, or other specialized knowledge beyond that possessed by a layperson, the law allows an expert witness with special education and experience to present *opinion* testimony.

An expert witness gives his or her *opinion*, to a reasonable degree of professional certainty, based upon the assumption of certain facts. You do not have to accept an expert's opinion just because they are considered an expert in their field.

In evaluating an expert witness's testimony, [and] [or] in resolving any conflicting expert witness's testimony, you should consider the following:

• the witness's knowledge, skill, experience, training, and education, and

• whether you find that the facts the witness relied upon in reaching [his] [[[[[her] [their] opinion are accurate, and

• all the believability factors I have given to you.


**Pennsylvania Suggested Standard Jury Instructions, No.: 4.80**

**POINT FOR CHARGE NO. 25: IMPEACHMENT OR CORROBORATION OF WITNESS BY PRIOR INCONSISTENT OR CONSISTENT STATEMENT**

*[Inconsistent Statement]*

You may have heard evidence that a witness made [an earlier statement] [earlier statements] inconsistent with [his] [her] [their] testimony in court. You may consider the earlier [statement] [statements] to evaluate the believability, in other words, the truthfulness and accuracy of the witness's testimony in court.

*[In appropriate circumstances the following may also be given]* You may also find the earlier statement was true.

*[Consistent Statement]*

You may have heard evidence that a witness made [an earlier statement] [earlier statements] consistent with [his] [her] [their] testimony in court. You may consider the earlier [statement] [statements] *only* to evaluate the truthfulness and accuracy of the witness's testimony in court.

**Pennsylvania Suggested Standard Jury Instructions, No.: 4.50**

**POINT FOR CHARGE NO.26: IMPEACHMENT – PROOF OF WITNESS'S PRIOR CRIMINAL CONVICTION**

      You have heard testimony that a witness, [insert name], [pleaded no contest to] [pleaded guilty to] [was convicted of] a crime, [insert crime], which involved dishonesty. You may use this evidence only to evaluate whether the witness told the truth in this case. You may not use this evidence of the prior crime to [insert improper reason].

      In deciding whether this prior crime affects the truthfulness of the witness's testimony in this case, you should consider:

• the kind of crime committed, and

• how long ago the witness committed that crime.

**Pennsylvania Suggested Standard Jury Instructions, No.: 4.60**

# CLOSING INSTRUCTIONS

## **POINT FOR CHARGE NO. 27:  DELIBERATIONS**

When you retire to the jury room to deliberate, you may take with you these instructions, your notes, and the exhibits that the Court has admitted into evidence. You should select one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in open court.

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if, under the appropriate burden of proof, the parties have established their claims. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

As jurors, you have a duty to consult with each other and to deliberate with the intention of reaching a verdict. Each of you must decide the case for yourself, but only after a full and impartial consideration of all of the evidence with your fellow jurors. Listen to each other carefully. In the course of your deliberations, you should feel free to re-examine your own views and to change your opinion based upon the evidence. But you should not give up your honest convictions about the

evidence just because of the opinions of your fellow jurors. Nor should you change your mind just for the purpose of obtaining enough votes for a verdict.

When you start deliberating, do not talk to the jury officer, to me or to anyone but each other about the case. During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a cell phone, smart phone [like Blackberries or iPhones], or computer of any kind; the internet, any internet service, or any text or instant messaging service [like Twitter]; or any internet chat room, blog, website, or social networking service [such as Facebook, MySpace, LinkedIn, or YouTube], to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the internet or available through social media might be wrong, incomplete, or inaccurate. Information that you might see on the internet or on social media has not been admitted into evidence and the parties have not had a chance to discuss it with you. You should not seek or obtain such information and it must not influence your decision in this case.

If you have any questions or messages for me, you must write them down on a piece of paper, have the foreperson sign them, and give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you.

One more thing about messages. Never write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that a certain number is voting one way or another. Your votes should stay secret until you are finished.

Your verdict must represent the considered judgment of each juror. In order for you as a jury to return a verdict, each juror must agree to the verdict. Your verdict must be unanimous.

A form of verdict has been prepared for you. It has a series of questions for you to answer. You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will fill it in, and have your foreperson date and sign the form. You will then return to the courtroom and your foreperson will give your verdict. Unless I direct you otherwise, do not reveal your answers until you are discharged. After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so.

Once again, I want to remind you that nothing about my instructions and nothing about the form of verdict is intended to suggest or convey in any way or manner what I think your verdict should be. It is your sole and exclusive duty and responsibility to determine the verdict.

**United States Court of Appeals for the Third Circuit, Model Civil Jury Instructions, No.: 3.1**

## POINT FOR CHARGE NO. 28:  NUMBER OF WITNESSES

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.

**United States Court of Appeals for the Third Circuit, Model Civil Jury Instructions, No.: 3.2**

**PLAINTIFFS' POINT FOR CHARGE NO. 1: DESCRIPTION OF CASE; SUMMARY OF APPLICABLE LAW**

In this case, the Estate of Frederick J. Adami claims that corrections officers and medical staff at the Bucks County Correctional Facility caused the wrongful death of Frederick J. Adami. The Defendants, the corrections officers, Bucks County, the medical staff, and their employer PrimeCare, Inc., deny those claims and claim that they abided by their internal policies and treated Mr. Adami according to the applicable standard of care.

I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision.

But in order to help you follow the evidence, I will now give you a brief summary of the elements the Estate of Frederick J. Adami must prove to make its case. To prove its case against the corrections officers, Plaintiff has to prove that the officers were deliberately indifferent to Mr. Adami's serious medical need while he was in custody. To prove its case against the County, they will have to prove that the County put forward inadequate policies surrounding the treatment of inmates suffering from opioid withdrawal, which they knew would likely lead to inmates suffering or dying; or either in addition, or in their alternative, that they inadequately trained corrections officers about how to supervise inmates suffering from withdrawal.

To prove its case against the medical professionals, the Plaintiff will need to prove that these medical professionals' treatment of Mr. Adami fell below the applicable standard of care of treating people suffering from opioid withdrawal. And finally, to prove its case against PrimeCare, Inc. Plaintiff will need to prove that these medical professionals were acting in the course and scope of their employment while they inadequately treated Mr. Adami, and therefore that PrimeCare, Inc. was

vicariously liable for their actions.

**United States Court of Appeals for the Third Circuit, Model Civil Jury Instructions, No.: 1.2**

## PLAINTIFFS' POINT FOR CHARGE NO. 2:  SPOILATION OF EVIDENCE

1.      If a party disposes of a piece of evidence before the other party had an opportunity to inspect it, and

2.      the party who disposed of the evidence should have recognized the evidence was relevant to an issue in this lawsuit,

you may find that this evidence would have been unfavorable to them unless they satisfactorily explain why they disposed of this evidence.

**Pennsylvania Suggested Standard Jury Instructions, No.: 5.60**

## PLAINTIFFS' POINT FOR CHARGE NO. 3:  DENIAL OF ADEQUATE MEDICAL CARE

Because inmates must rely on prison authorities to treat their serious medical needs, the government has an obligation to provide necessary medical care to them. In this case, Plaintiffs claim that the corrections officers and the Bucks County staff violated the Eighth Amendment to the United States Constitution by showing deliberate indifference to Frederick J. Adami's serious medical need. Specifically, Plaintiffs claims that these corrections officers failed to obtain treatment for Mr. Adami while he was suffering from worsening opioid withdrawal, ultimately resulting in his death.

In order to establish this claim, the Plaintiffs must prove each of the following three things by a preponderance of the evidence: First: Mr. Adami had a serious medical need. Second: The Defendants were deliberately indifferent to that serious medical need. Third: Defendants' deliberate indifference caused Mr. Adami's suffering and eventual death. I will now proceed to give you more details on the first and second of these three requirements.

First, Plaintiff must show that Mr. Adami had a serious medical need. A medical need is serious, for example, when a doctor has decided that the condition needs treatment; or the problem is so obvious that non-doctors would easily recognize the need for medical attention; or denying or delaying medical care creates a risk of permanent physical injury or death; or denying or delaying medical care causes needless pain.

Second, Plaintiffs must show that Defendants were deliberately indifferent to that serious medical need. Plaintiff must show that Defendants knew of an excessive risk to Mr. Adami's health, and that the corrections officers and medical staff disregarded that risk by failing to take reasonable measures to address it.

Plaintiffs must show that Defendants actually knew of the risk. If Plaintiff proves that there was a risk of serious harm to him and that the risk was obvious, you are entitled to infer from the obviousness of the risk that Defendants knew of the risk. However, Defendant claims that even if there

was an obvious risk, they were unaware of that risk. If you find that a particular Defendant was unaware of the risk, then you must find that he/she was not deliberately indifferent.

There are a number of ways in which a plaintiff can show that a defendant was deliberately indifferent, including the following. Deliberate indifference occurs when: A prison official denies a reasonable request for medical treatment, and the official knows that the denial exposes the inmate to a substantial risk of pain or permanent injury; A prison official knows that an inmate needs medical treatment, and delays the medical treatment for non-medical reasons; or a prison official refuses to let an inmate see a doctor capable of evaluating the need for treatment of an inmate's serious medical need.

**U.S. Court of Appeals for the Third Circuit, Model Civil Jury Instructions, Civil Rights Claims Under Section 1983, No.: 4.11.1**

**PLAINTIFFS' POINT FOR CHARGE NO. 4: LIABILITY IN CONNECTION WITH THE ACTIONS OF ANOTHER – MUNICIPALITIES – GENERAL INSTRUCTION**

If you find that Mr. Adami was deprived of his Eighth and Fourteenth Amendment rights under the Constitution, Bucks County is liable for that deprivation if Plaintiffs prove by a preponderance of the evidence that the deprivation resulted from Bucks County's official policy or custom – in other words, that Bucks County's official policy or custom caused the deprivation.

It is not enough for Plaintiff to show that Bucks County employed a person who violated Mr. Adami's rights. The Plaintiffs must show that the violation resulted from Bucks County's official policy or custom. "Official policy or custom" includes any of the following: a policy statement or decision that is officially made by Bucks County's Department of Corrections, a custom that is a widespread, well-settled practice that constitutes a standard operating procedure of Bucks County; or inadequate training, inadequate supervision, or the failure to adopt a needed policy. However, inadequate training, inadequate supervision, or the failure to adopt a needed policy does not count as "official policy or custom" unless Bucks County is deliberately indifferent to the fact that a violation of Eighth and/or Fourteenth Amendment rights is a highly predictable consequence of the inadequate training, inadequate supervision, or the failure to adopt a needed policy. I will explain this further in a moment.

**United States Court of Appeals for the Third Circuit, Model Civil Jury Instructions, Civil Rights Claims Under Section 1983, No.: 4.6.3**

**PLAINTIFFS' POINT FOR CHARGE NO. 5:  LIABILITY IN CONNECTION WITH THE ACTIONS OF ANOTHER -MUNICIPALITIES – CHOICE BY POLICYMAKING OFFICIALS**

The Bucks County's Department of Corrections is a policymaking entity whose actions represent a decision by the government itself.

Thus, when Bucks County's Department of Corrections makes a deliberate choice to follow a course of action, that choice represents an official policy. Through such a policy, Bucks County's Department of Corrections may cause a violation of a federal right by:

- directing that the violation occur,

- authorizing the violation, or

- agreeing to a subordinate's decision to engage in the violation.

Bucks County's Department of Corrections may also cause a violation through inadequate training, inadequate supervision, or failure to adopt a needed policy, but only if Bucks County is deliberately indifferent to the fact that a violation of Eighth and/or Fourteenth Amendment is a highly predictable consequence of the inadequate training, inadequate supervision, or failure to adopt a needed policy. I will instruct you further on this in a moment.

Plaintiffs may prove the existence of an official custom by showing the existence of a practice that is so widespread and well-settled that it constitutes a standard operating procedure of Bucks County. A single action by a lower-level employee does not suffice to show an official custom. But a practice may be an official custom if it is so widespread and well-settled as to have the force of law, even if it has not been formally approved. You may find that such a custom existed if there was a practice that was so well-settled and widespread that the policymaking officials of Bucks County either knew of it or should have known of it. If you find that such an official custom was the cause of and the moving force behind the violation of Mr. Adami's Eighth and Fourteenth Amendment rights, then you have found that Bucks County caused that violation.

**PLAINTIFFS' POINT FOR CHARGE NO. 6: LIABILITY IN CONNECTION WITH THE ACTIONS OF ANOTHER-MUNICIPALITIES – LIABILITY THROUGH INADEQUATE <u>TRAINING OR SUPERVISION</u>**

Plaintiffs' claims that Bucks County's Department of Corrections adopted a policy of inadequate training and inadequate supervision of corrections officers and medical staff, and failed to adopt other needed policies, and that these actions caused the violation of Mr. Adami's Eighth and Fourteenth Amendment rights. In order to hold Bucks County liable for the violation of Mr. Adami's Eighth and Fourteenth Amendment rights, you must find that Mr. Adami's Estate has proved each of the following three things by a preponderance of the evidence:

First: Bucks County's training program was inadequate to train its employees to carry out their duties, and/or Bucks County failed adequately to supervise its employees.

Second: Bucks County's failure to adequately train and/or adequately supervise amounted to deliberate indifference to the fact that inaction would obviously result in the violation of Eighth and Fourteenth Amendment rights.

Third: Bucks County's failure to adequately train and/or adequately supervise proximately caused the violation of Eighth and Fourteenth Amendment rights.

In order to find that Bucks County's failure to adequately train and/or adequately supervise amounted to deliberate indifference, you must find that Mr. Adami's Estate has proved each of the following three things by a preponderance of the evidence: First Bucks County's Department of Corrections knew that employees would confront a particular situation. Second: The situation involved a matter that employees had a history of mishandling. Third: The wrong choice by an employee in that situation will frequently cause a deprivation of Eighth and Fourteenth Amendment rights.

In order to find that Bucks County's failure to adequately train and/or adequately supervise proximately caused the violation of Mr. Adami's federal right, you must find that Mr. Adami has proved by a preponderance of the evidence that Bucks County's deliberate indifference led directly to

the deprivation of Mr. Adami's Eighth and Fourteenth Amendment rights.

**United States Court of Appeals for the Third Circuit, Model Civil Jury Instructions, Civil Rights Claims Under Section 1983, No.: 4.6.7**

## PLAINTIFFS' POINT FOR CHARGE NO. 7: DAMAGES – PUNITIVE DAMAGES

In addition to compensatory or nominal damages, you may consider awarding the Estate of Mr. Adami punitive damages. A jury may award punitive damages to punish a defendant, or to deter the defendant and others like the defendant from committing such conduct in the future. Where appropriate, the jury may award punitive damages even if the plaintiff suffered no actual injury and so receives nominal rather than compensatory damages.

You may only award punitive damages if you find that one or more of the individual corrections officer Defendants acted maliciously or wantonly in violating Mr. Adami's federally protected rights. In this case there are multiple defendants. You must make a separate determination whether each individual corrections officer defendant acted maliciously or wantonly. A violation is malicious if it was prompted by ill will or spite towards the plaintiff. A defendant is malicious when he consciously desires to violate federal rights of which he is aware, or when he consciously desires to injure the plaintiff in a manner, he knows to be unlawful. A conscious desire to perform the physical acts that caused plaintiff's injury, or to fail to undertake certain acts, does not by itself establish that a defendant had a conscious desire to violate rights or injure plaintiff unlawfully. A violation is wanton if the person committing the violation recklessly or callously disregarded the plaintiff's rights.

If you find that it is more likely than not that a particular defendant acted maliciously or wantonly in violating Mr. Adami's federal rights, then you may award punitive damages against that defendant. However, an award of punitive damages is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them. I will now discuss some considerations that should guide your exercise of this discretion. But remember that you cannot award punitive damages unless you have found that the defendant in question acted maliciously or wantonly in violating Mr. Adami's federal rights.

If you have found that the defendant in question acted maliciously or wantonly in violating Mr. Adami's federal rights, then you should consider the purposes of punitive damages. The purposes of punitive damages are to punish a defendant for a malicious or wanton violation of the plaintiff's federal rights, or to deter the defendant and others like the defendant from doing similar things in the future, or both. Thus, you may consider whether to award punitive damages to punish that defendant. You should also consider whether actual damages standing alone are sufficient to deter or prevent that defendant from again performing any wrongful acts he may have performed. Finally, you should consider whether an award of punitive damages in this case is likely to deter other persons from performing wrongful acts similar to those that defendant may have committed.

If you decide to award punitive damages, then you should also consider the purposes of punitive damages in deciding the amount of punitive damages to award. That is, in deciding the amount of punitive damages, you should consider the degree to which that defendant should be punished for his wrongful conduct toward Mr. Adami, and the degree to which an award of one sum or another will deter that particular defendant or others from committing similar wrongful acts in the future.

In considering the purposes of punishment and deterrence, you should consider the nature of the defendant's action. For example, you are entitled to consider whether the defendant's act posed a risk to health or safety; whether the defendant acted in a deliberately deceptive manner; and whether the defendant engaged in repeated misconduct, or a single act. You should also consider the amount of harm actually caused by the defendant's act, and the harm that could result if such acts are not deterred in the future.

Bear in mind that when considering whether to use punitive damages to punish a particular defendant, you should only punish that defendant for harming Mr. Adami, and not for harming people other than Mr. Adami. As I have mentioned, in considering whether to punish a particular defendant, you should consider the nature of that defendant's conduct – in other words, how blameworthy that

conduct was. In some cases, evidence that a defendant's conduct harmed other people in addition to the plaintiff can help to show that the defendant's conduct posed a substantial risk of harm to the general public, and so was particularly blameworthy. But if you consider evidence of harm one of the defendants caused to people other than Mr. Adami, you must make sure to use that evidence only to help you decide how blameworthy the defendant's conduct toward Mr. Adami was. Do not punish Bucks County or another defendant for harming people other than Mr. Adami.

The extent to which a particular amount of money will adequately punish a defendant, and the extent to which a particular amount will adequately deter or prevent future misconduct, may depend upon the defendant's financial resources. Therefore, if you find that punitive damages should be awarded against that defendant, you may consider the financial resources of that particular defendant in fixing the amount of such damages.

**United States Court of Appeals for the Third Circuit, Model Civil Jury Instructions, Civil Rights Claims Under Section 1983, No.: 4.8.3**

**PLAINTIFFS' POINT FOR CHARGE NO. 8: MEDICAL MALPRACTICE – PUNITIVE DAMAGES (UNDER THE MCARE ACT, EFFECTIVE FOR ALL CLAIMS ARISING <u>SUBSEQUENT TO MARCH 20, 2002)</u>**

Punitive damages may only be awarded for willful or wanton conduct or reckless indifference.

Reckless indifference is an intentional act or failure to act in disregard of a risk of harm to others that is known or should be known to be highly probable and with a conscious indifference to the consequences. Reckless conduct is [[[[[also] acting or failing to act when existing danger is actually known and with an awareness that harm is highly probable.

In assessing punitive damages, you may consider the character of the health-care providers' act or failure to act, the nature and extent of harm that the health-care provider caused or intended to cause to the patient, and the wealth of the health-care provider.

You may not award punitive damage against PrimeCare unless the plaintiff has proven that the defendant knew about and allowed the conduct by its medical professionals.

**Pennsylvania Suggested Standard Jury Instructions, No.: 14.180**

**DEFENDANT PRIMECARE MEDICAL'S POINT FOR CHARGE NO. 1**

Where competent medical authority is divided, a healthcare provider will not be held responsible if, in using their judgment, the healthcare provider followed a course of treatment advocated by a considerable number of recognized and respected professionals in their given area of expertise. This is known as the "two schools of thought" doctrine.

PrimeCare Medical, Inc. claims that, in treating Frederick Adami, they consciously chose to follow a course of treatment. PrimeCare Medical, Inc. has the burden of proving, by a fair preponderance of the evidence, that a considerable number of recognized and respected professionals advocated the same course of treatment, that PrimeCare Medical, Inc. was aware of these professionals advocating this same course of treatment at the time they treated Frederick Adami, and that in treating Frederick Adami, they consciously chose to follow their recommended course of treatment. If you decide that PrimeCare Medical, Inc. has met this burden of proof, then you should find for PrimeCare Medical, Inc.

**Pa. SSJI (Civ). 14.50**

**COUNTY DEFENDANTS POINT FOR CHARGE NO. 1**

<u>**DESCRIPTION OF CASE; SUMMARY OF**</u> <u>**APPLICABLE LAW**</u>

In this case, the Estate of Frederick J. Adami claims that corrections officers and medical staff at the Bucks County Correctional Facility caused the wrongful death of Frederick J. Adami. The Defendants, the corrections officers, Bucks County, the medical staff, and their employer PrimeCare, Inc., deny those claims.

I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision. But in order to help you follow the evidence, I will now give you a brief summary of the elements the Estate of Frederick J. Adami must prove to make its case. To prove its case against the corrections officers and the County , Plaintiff has to prove that the officers were deliberately indifferent to Mr. Adami's serious medical need while he was in custody and that the County's policies, customs or practices caused a correction officer to violate Mr. Adami's Constitutional rights... To prove its case against Prime Care Medical Incorporated, the Plaintiff will need to prove that Prime Care's polices and treatment of Mr. Adami fell below the applicable standard of care of treating people suffering from opioid withdrawal.

**United States Court of Appeals for the Third Circuit, Model Civil Jury Instructions, No.: 1.2**

## COUNTY DEFENDANTS POINT FOR CHARGE NO. 2

## DENIAL OF ADEQUATE MEDICAL CARE

Because inmates must rely on prison authorities to treat their serious medical needs, the government has an obligation to provide reasonable and necessary medical care to them. Prison officials violate the Fourteenth Amendment when they act deliberately indifferent to a prisoner's serious medical needs by 'intentionally denying or delaying access to medical care or interfering with the treatment once prescribed.

You are instructed that complaints about the wisdom or quality of the medical care do not become constitutional claims merely because the plaintiff is an inmate.[1] And, a prisoner's subjective dissatisfaction with the medical care does not in itself indicate deliberate indifference.[2]

You are further instructed that an inmate is not entitled to a certain type of medical treatment.[3] The Fourteenth Amendment to the United States Constitution did not require the County of Bucks to provide specific medication for inmates who are experiencing withdrawal, such as methadone or suboxone.[4]

In this case, Plaintiffs claim that Defendant Corrections Officers violated Mr. Adami's Fourteenth Amendment rights. Mr. Adami was under the care of medical providers employed by Defendant PrimeCare, Inc.

In order to establish this claim, the Plaintiffs must prove each of the following three things by a preponderance of the evidence: First: Mr. Adami had a serious medical need. Second: each Defendants was deliberately indifferent to that serious medical need. Third: each Defendant' deliberate

---

[1] *Estelle v. Gamble, Estelle v. Gamble*, 429 U.S. 97, 105 (1976).
[2] Adonai-Adoni v. King, No. CIV.A.07-3689(MLC), 2009 WL 890683, at *3 (E.D. Pa. Mar. 31, 2009).
[3] Taylor v. Barkes, 575 U.S. 822, 826 (2015).
[4] Norris v. Frame, 585 F.2d 1183, 1188 (3d Cir. 1978) (holding there is no constitutional right to methadone and the County is under no duty to provide it.).

indifference caused Mr. Adami's harm or injury. I will now proceed to give you more details on the first and second of these three requirements.

First, Plaintiff must show that Mr. Adami had a serious medical need. The parties do not dispute that opiate/heroin withdrawal is a serious medical condition. Second, Plaintiffs must show that Defendants were deliberately indifferent to that serious medical need. "Deliberate indifference" is more than mere malpractice or negligence; it is a state of mind equivalent to reckless disregard of a known risk of harm.[5]

You are instructed that mere carelessness or negligence is not enough to prove deliberate indifference. "A showing of simple or even heightened negligence will not suffice." It is not enough for Plaintiff to show that a reasonable person would have known, or that each Defendant should have known, of the risk to Plaintiff. Plaintiff must show that each Defendant actually knew of the substantial risk of harm to Mr. Adami.[6]

In this case, Mr. Adami was under the care of medical providers employed by Defendant PrimeCare, Inc. Thus, to show that each Defendant, a non-medical official, was deliberately indifferent to Mr. Adami's serious medical needs, Plaintiff must show that each Defendant knew that there was reason to believe that the medical staff were mistreating (or not treating Mr. Adami). Relatedly, non-medical prison officials cannot be considered deliberately indifferent "simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor.[7]

**U.S. Court of Appeals for the Third Circuit, Model Civil Jury Instructions, Civil Rights Claims Under Section 1983, No.: 4.11.1**

---

[5] *Farmer v. Brennan,* 511 U.S. 825, 837–38 (1994).

[6] *Berg v. County of Allegheny*, 219 F.3d 261, 276 (3d Cir. 2000), *citing Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 404 (1997).

[7] *Adami v. County of Bucks*, 2020 WL 5849339, at *4 (E.D. Pa. Oct. 1, 2020)(Sanchez, C.J.)(citing *Pearson v. Prison Health Serv.*, 850 F.3d 526, 534 (3d Cir. 2017)); *Estelle v. Gamble*, 429 U.S. 97, 104-5 (1976)); *Muslim v. Hassan*, Civ. No. 13-3484, 2021 WL 4099756, at *2 (D.N.J. Sept. 9, 2021); U.S. Court of Appeals for the Third Circuit, Model Civil Jury Instructions, Civil Rights Claims Under Section 1983, No.: 4.11.1

**COUNTY DEFENDANTS POINT FOR CHARGE NO. 3**

<u>**MUNICIPAL LIABILITY**</u>

If you find that any County defendant violated Mr. Adami's Fourteenth Amendment rights, you may also consider whether the violation was caused by an official policy or custom of Bucks County. In other words, that a Bucks County's official policy or custom was the moving force behind Mr. Adami's deprivation.

The County of Bucks cannot be held liable under Section 1983 for an injury unless the plaintiff proves that the execution of a governmental policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury so that the government as an entity is responsible under section 1983. Furthermore, the plaintiff must prove it is more likely than not that the alleged unconstitutional policy, custom, or practice caused plaintiff's alleged injuries.[8]

A municipal custom for § 1983 purposes is "such practices of state officials...[as are] so permanent and well-settled as to constitute a 'custom or usage' with the force of law."[9]

---

[8] *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978). *City of Los Angeles v. Heller*, 475 U.S. 796 (1986); *Jett v. Dallas Independent School District*, 491 U.S. 701, 109 S. Ct. 2702, 2723 (1989); *Simmons v. City of Philadelphia*, 947 F.2d 1042 (3d Cir. 1991) and *Williams v. Borough of West Chester,* 891 F.2d 458 (3d Cir. 1989).
[9] *Monell*, 436 U.S. at 691.

**COUNTY DEFENDANTS POINT FOR CHARGE NO. 4**

**BURDEN OF PROOF FOR MUNICIPAL LIABILITY**

The County of Bucks cannot be held vicariously liable for the actions of individual correctional officers. Rather, you are instructed that the County may only be held liable if you find:

1. The plaintiff was deprived of his constitutional rights as a result of an officially adopted policy or an officially adopted custom of the County; and

2. The policy maker was deliberately indifferent to the constitutional rights of the municipality's inhabitants; and

3. the alleged unconstitutional policy, custom, or practice must be directly linked to the "municipal policy or custom" and to plaintiff's alleged constitutional deprivation.

Remember that liability cannot be imposed against the County merely because it employed a correctional officer in this incident.[10]

---

[10] *Collins v. City of Harker Heights*, 503 U.S. 115 (1992), *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Williams v. Borough of West Chester*, 891 F.2d 458, 467 (3d Cir. 1989); *Board of the County Commissioners of Bryan County, Oklahoma, Petitioner v. Jill Brown et al.*, 520 U.S. 397 (1997).

**COUNTY DEFENDANTS POINT FOR CHARGE NO. 5**

## PROOF OF A SINGLE INCIDENT

Proof of a single incident by a lower level employee acting under color of law does not suffice to establish either an official policy or custom.[11]

---

[11] *Oklahoma City v. Tuttle*, 471 U.S. 808, 105 S. Ct. 2427 (1985).

**COUNTY DEFENDANTS POINT FOR CHARGE NO. 6**

**FAILURE TO TRAIN OR SUPERVISE**

If you find that any County defendant violated Mr. Adami's Fourteenth Amendment rights, you may also consider whether the violation was caused by Bucks County's failure to train or supervise corrections officers.

In order to establish municipal liability based on an alleged policy of inadequate training and supervision, the plaintiffs must also prove by a preponderance of the evidence:

1. that the training and/or supervision executed by Bucks County was inadequate; and

2. identify specifically a responsible policy maker who knew that said training and supervision was inadequate; and

3. prove that the official knew that said inadequate policies were resulting in the deprivation of constitutional rights; and

4. prove that the identified policy maker made a conscious choice or was deliberately indifferent to the inadequate procedures and did nothing to correct them; and

5. establish an affirmative link between the alleged policies and the cause of the plaintiff's alleged violation of rights. [12]

---

[12] 3 Devitt, Blackmar and Wolff, *Federal Jury Practice and Instructions, Civil*, § 103.11A (1994). *City of Canton v. Harris*, 489 U.S. 378 (1989); United States Court of Appeals for the Third Circuit, Model Civil Jury Instructions, Civil Rights Claims Under Section 1983, No.: 4.6.3

Inadequacy of training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the Bucks County Correctional employees came in contact.

The "deliberate indifference' standard is not satisfied by merely alleging that the existing training program for class of employees, such as a corrections officer , represents a County policy for which the County is responsible.

Neither is it sufficient to show that a particular correctional officer may be unsatisfactorily trained, for the officer's shortcomings may have resulted from factors other than a faulty training program.  Furthermore, it will not suffice to prove that an injury or accident could have been avoided if a correctional officer had better or more training.

Instead, plaintiff must show scienter-like evidence of a conscious decision or deliberate indifference of a high-level official determined by the Court, in accordance with local law, to have final policy making authority in the areas in question.[13]

proximately

---

[13] City of Canton Ohio v. Harris, 489 U.S. 378, 109 S. Ct. 1197 (1989).  *Simmons v. City of Philadelphia*, 947 F.2d 1042 (3d Cir. 1991).  United States Court of Appeals for the Third Circuit, Model Civil Jury Instructions, Civil Rights Claims Under Section 1983, No.:  4.6.3

**COUNTY DEFENDANTS POINT FOR CHARGE NO. 7**

**<u>Violation of County Policy</u>**

      A violation of a County Policy does not give rise to a Constitutional violation nor does it create a claim under § 1983.[14]

---

[14] *Grazier ex rel. White v. City of Philadelphia*, 328 F.3d 120, 127 (3d Cir. 2003)(citing *Davis v. Scherer*, 468 U.S. 183, 193–95 (1984).

**COUNTY DEFENDANTS POINT FOR CHARGE NO. 8**

**<u>Proof of a Single Incident</u>**

Proof of a single incident by a lower level employee acting under color of law does not suffice to establish either an official policy or custom.[15]

---

[15] *Oklahoma City v. Tuttle*, 471 U.S. 808 (1985).

**COUNTY DEFENDANTS POINT FOR CHARGE NO. 9**

**Causation under Section 1983**

Not every injury in which a state official has played some part is actionable.[16]  Plaintiff must still prove that each Defendant's deliberate indifference was the cause of his injuries.[17]

---

[16] *Martinez v. California*, 44 U.S. 277, 285 (1979)(citing, *Imbler v. Patchman*, 424 U.S. 409, 417 (1976)).

[17] *Kaucher v. Cnty. of Bucks,* 455 F.3d 418, 432 (3d Cir. 2006) (noting that in deliberate indifference cases, "[t]here must be a direct causal relationship between the affirmative act of the state and plaintiff's harm.").

## CERTIFICATE OF SERVICE

I, David K. Inscho, Esquire, hereby certify that on March 4, 2022, I served a true and correct copy of Proposed Joint Points for Charge upon the counsel listed below via the Court's ECF System.

Jeffrey M. Scott, Esquire
Jeffrey M. Kolansky, Esquire
Kerri E. Chewning, Esquire
Archer & Greiner, P.C.
Three Logan Square
1717 Arch Street, Suite 3500
Philadelphia, Pennsylvania 19103-7393
***Attorney for County of Bucks, Brian Kircher, Patrick Rooney, Steven Columbia, C/O Knoneborg, Langston Mason, Timothy Ricci, and David W. Gresko***

John R. Ninosky, Esquire
Marshall Dennehey Warner Coleman & Goggin
100 Corporate Center, Drive, Suite 201
Camp Hill, PA 171011
***Attorney for PrimeCare Medical, Inc.***

**KLINE & SPECTER, PC**

BY: _David K. Inscho_
DAVID K. INSCHO, ESQUIRE

Date: March 4, 2022
223620012v1