IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID W. ADAMI and HEATHER L. GIGLIO, CO-ADMINISTRATORS of the ESTATE OF FREDERICK J. ADAMI, DECEASED | : : : |
| Plaintiffs, | : : NO: 2:19-cv-02187-JS |
| V. | : : |
| COUNTY OF BUCKS, et al. | : : |
| Defendants. | : : |

**PLAINTIFFS' UNOPPOSED MOTION TO SEAL PLAINTIFFS' MOTION TO APPROVE SETTLEMENT AND DISTRIBUTION OF PROCEEDS**

Plaintiffs, David W. Adami and Heather L. Giglio, as Co-Administrators of the Estate of Frederick J. Adami, Deceased, by and through their undersigned counsel, Kline & Specter, P.C., respectfully request that this Honorable Court seal the Plaintiffs' Motion to Approve Allocation and Settlement and Distribution of the Proceeds in the above-captioned action, and in support thereof aver as follows:

1. This action arises from the death of Frederick J. Adami, a 52-year-old father of four, who died on January 28, 2018, because Defendants failed to provide adequate medical care for his severe opiate withdrawal while he was incarcerated at Bucks County Correctional Facility in Doylestown, Pennsylvania. He was one of four inmates who died at the facility while undergoing opiate withdrawal, which is a serious medical condition, but a condition that should not be fatal if the patient is reasonably treated and monitored. Defendants dispute these allegations and vigorously defended this matter.

2. A settlement was reached between the parties on April 8, 2022.

3. Pursuant to Local Rule 41.2 Plaintiffs are filing a Motion to Approve Allocation and Settlement and Distribution of the Proceeds.

4. The parties are seeking that this Motion and the Order ruling on the Motion be sealed.

5. While there is undeniably a public right of access to judicial proceedings and records, that right to access judicial record is not absolute. *Nixon v. Warner Comms, Inc.*, 435 U.S. 589, 598 (1978). To overcome the presumption that judicial records be made available to the public, the Third Circuit requires that a party demonstrate "good cause." *Securimetrics, Inc. v. Iridian Techs., Inc.*, Civ. No. 03-04394 (RBK), 2006 WL 827889, at *2 (D.N.J. Mar. 30, 2006). The Third Circuit has identified a number of factors that may be considered in determining if good cause has been shown. Those factors include:

> 1) whether disclosure would violate any privacy interests;
> 2) whether the information is being sought for a legitimate purpose or for an improper purpose;
> 3) whether disclosure of the information would cause a party embarrassment;
> 4) whether confidentiality is being sought over information important to public health and safety;
> 5) whether the sharing of information among litigants would promote fairness and efficiency;
> 6) whether a party benefitting from the order of confidentiality is a public entity or official; and
> 7) whether the case involves issues important to the public.

*Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir.1995).

6. In the instant case, there is good cause to seal the Motion to Approve Settlement and Distribution of Proceeds. The settlement approval motion involves privacy interests of the Adami family. Generally, a settlement of a personal injury claim would not require court filings to disclose the amount of the settlement proceeds, however, the current filing is required to allocate the proceeds between the wrongful death and survival actions and to approve the settlement as it relates to Mr. Adami's youngest son, who is a minor. There is a privacy interest in the amount of settlement funds that Mr. Adami's youngest son will receive as a result of this litigation. Indeed, all of Mr. Adami's children have an interest in not having the amount of money they will receive disclosed court filings.

7. The sealing of the Motion to Approve the Settlement and Distribution of the Proceeds does not involve matters of public interest or health and safety. While Mr. Adami's death at the Bucks County Correctional Facility may be a matter of public concern, the Plaintiffs are not seeking to seal records related to any other filings in the case other than the instant motion. All other filings involving the events surrounding Mr. Adami's death and conduct of the defendants will remain part of the accessible public record. In contrast to these other filings which address issues at the publicly run prison, the motion to approve the settlement only addresses issues around the amount of the settlement funds, attorneys' fees and costs, and the appropriate allocation and distribution of the settlement proceeds. These issues are not matter of public interest.

8. While Plaintiffs acknowledge that some of the parties to the case are public entities and/or officials, sealing the instant motion and order ruling on the Motion will not prevent interested parties from requesting any information regarding the settlement agreements themselves under the Pennsylvania Right to Know Law. PA ST 65 P.S. § 67.101, *et seq*.

**WHEREFORE**, for all of the foregoing reasons, Plaintiffs respectfully request that the Court enter the attached Order approving the sealing of Plaintiffs' Motion to Approve Settlement and Distribution of proceeds of the above-captioned case.

Respectfully submitted,

BY: *David K. Inscho*
DAVID K. INSCHO, ESQUIRE
MICHAEL A. CAVALIERE, ESQUIRE
HELEN A. LAWLESS, ESQUIRE
KLINE & SPECTER, P.C.
1525 Locust Street
Philadelphia, PA 19102
215-772-1000

Date: April 20, 2022               Attorneys for Plaintiffs

3

## CERTIFICATE OF SERVICE

I, David K. Inscho, Esquire, hereby certify that on this date a copy of Plaintiffs' Unopposed Motion to Seal Plaintiffs' Motion to Approve Settlement and Distribution of Proceeds was served upon the following via electronic mail on the following:

Jeffrey M. Scott, Esquire
Jeffrey M. Kolansky, Esquire
Kerri E. Chewning, Esquire
Archer & Greiner, P.C.
Three Logan Square
1717 Arch Street, Suite 3500
Philadelphia, Pennsylvania 19103-7393
**Attorney for County of Bucks, Brian Kircher, Patrick Rooney, Steven Columbia, C/O Knoneborg, Langston Mason, Timothy Ricci, and David W. Gresko**

John R. Ninosky, Esquire
Marshall Dennehey Warner Coleman & Goggin
100 Corporate Center, Drive, Suite 201
Camp Hill, PA 171011
**Attorney for PrimeCare Medical, Inc.**

                                **KLINE & SPECTER, P.C.**

Date: April 20, 2022          By: *David K. Inscho*
                                  DAVID K. INSCHO, ESQUIRE
                                  Attorney for Plaintiffs